359 So.2d 679 (1978)
Succession of Luke M. DANOS.
No. 11942.
Court of Appeal of Louisiana, First Circuit.
May 1, 1978.
Rehearing Denied June 12, 1978.
Johnny X. Allemand, Thibodaux, for petitioner and appellee.
Carlton J. Cheramie of the Law offices of Edward T. Diaz, Golden Meadow, for defendant and appellant.
Before LANDRY, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
This action arises on the petition of Odenelle J. Danos as the Administrator of the Estate of Luke M. Danos (Administrator) seeking to obtain from Mrs. Enola Danos Autin (appellant) certain assets which are averred to belong to the decedent's estate. From an adverse judgment Mrs. Autin has appealed. We affirm.
The particular assets in controversy are:
Item No. 1: Certificate of Deposit No. 1789 issued by State Bank & Trust Company *680 in the name of Luke Danos or Mrs. Enola Danos Autin, in the amount of $10,793.56.
Item No. 2: Certificate of Deposit No. 896 issued by Citizens Bank & Trust Company in the name of Luke Danos or Mrs. Enola Danos Autin in the amount of $14,437.41.
Item No. 3: Money order No. 3850, issued by Citizens Bank & Trust Company, payable to Luke Danos or Mrs. Enola Danos Autin in the amount of $816.00. (Interest on Certificate of Deposit No. 896, above.)
The origin of these funds is not in dispute.
The Administrator contends that these assets are incorporeal rights and cannot be the subject of a manual gift. C.C. Art. 1536, below.
Appellee, on the other hand, contends that the certificates were given to her by the decedent in consideration of services rendered to him by herself and her husband, which gift constituted a remunerative donation, not subject to the rules peculiar to donations inter vivos. C.C. Art. 1526, below.
The trial judge, in well considered written reasons, found that it was a remunerative donation but that the donation was void as to form because the value of the gift ($26,091.97) exceeded by one-half the value of the services, which he found to be $12,110.00.
The issues thus presented are was there a donation and, if so, what type? If it was a remunerative donation, is it void as to form because the value of the gift exceeded by one-half the value of the services?
We note, as applicable here, the following articles of our Civil Code:
"Art. 1523. There are three kinds of donations inter vivos:
The donation purely gratuitous, or that which is made without condition and merely from liberality:
The onerous donation, or that which is burdened with charges imposed on the donee;
The remunerative donation, or that the object of which is to recompense for services rendered."
"Art. 1525. The remunerative donation is not a real donation, if the value of the services to be recompensed thereby being appreciated in money, should be little inferior to that of the gift."
"Art. 1526. In consequence, the rules peculiar to donations inter vivos do not apply to onerous and remunerative donations, except when the value of the object given exceeds by one-half that of the charges or of the services."
"Art. 1536. An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity."
Thus, our Code provides for three types of donations inter vivos, i. e., gratuitous, onerous and remunerative. Art. 1523. If it is a remunerative donation and the gift is a corporeal movable there are no form requirements and the services may be of lesser value than the gift. Art. 1525. However, if the gift is an incorporeal and its value exceeds by one-half that of the services then the rules applicable to donations inter vivos must be complied with. Art. 1526. In which case, the donation must be by notarial act before two witnesses. Art. 1536.
The trial judge was correct in holding that it was a remunerative donation.
The decedent died intestate on July 13, 1973. He is survived by collateral heirs (and their descendents) only. From early 1965 until his death, decedent resided in the home of appellant and her husband, Eves Autin. The Autins added a bedroom, bath and garage to their home for his exclusive use, paid all of the utility bills, paid for and prepared all of his meals, laundered his clothes, cleaned and maintained his quarters. All of this was done without charge to or any contribution from decedent.
The certificates are dated July 24, 1972. Appellant and her husband testified that the decedent presented appellant with the *681 certificates and stated that he wanted her to have them for "services she had done for him." While there are no other witnesses to the verbal act of donation than appellant and her husband, the trial judge was impressed with her testimony and accepted it as truthful. We agree.
However, the Code is very clear in its requirement that a remunerative donation is not subject to the rules peculiar to donations inter vivos "except when the value of the object given exceeds by one-half that of. . . the services." Thus, crucial to the validity of the instant act of donation is the requirement that the value of the certificates not exceed by one-half the value of the services rendered by the donees, else the act itself is void for lack of authentic form.
It has been observed that the correct mathematical meaning of Article 1536 has been the source of considerable confusion in the jurisprudence. See Comment, Personal Services About the Home, 23 La.L.Rev. 418, 432, N.78 (1963). As noted in the cited Comment, Whitman v. Whitman, 206 La. 1, 18, So.2d 633, 639 (1934), seems to present the clearest jurisprudential example of the correct application of the article, viz: a remunerative donation is not subject to the rules peculiar to donations inter vivos if the value of the services is in excess of two-thirds of the value of the gift.
In the instant case, for the subject donation to stand, the value of the services would have to equal or exceed the approximate sum of $18,000.00.
The trial judge found that the value of the services rendered by appellant and her husband to the decedent with "every possible leeway" accorded appellant was far less than the value required to avoid the necessity of the requirement of Article 1536. He therefore held the donation void. We are compelled to agree.
Appellant has argued that the trial judge failed to give her credit for services rendered to the decedent during the years of 1950 through 1965 when she and her husband resided with the decedent in his home. The value of these services was not urged in the court below nor were they alleged to constitute any part of the consideration for the donation.
Appellant further urges the applicability of C.C. Arts. 1513 and 1514. The trial judge was correct in rejecting this contention because these articles presuppose a valid donation.
Accordingly, for the above reasons, the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.